Note.—Reported in 207 N. W. 456.  See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1168(1), 16 C. J. Sec. 2300, 17 C. J. Sec. 3686; (2) Criminal law, Key-No. 1064(5), 16 C. J. Sec. 2300, 17 C. J. Sec. 3350; (3) Homicide, Key-No. 339, Criminal law, 17 C. J. Sec. 3683; (4) and (5) Criminal law, Key-No. 789(3), 16 C. J. Sec. 2462; (6) Homicide, Key-No. 5, 29 C. J. Sec. 55; (7) Criminal law, Key-No. 872½, 16 C. J. Sec. 2575; (8) Homicide, Key-No. 307(2), 30 C. J. Sec. 641.

---

STATE, Respondent, v. HOCHGRABER, Appellant.

(207 N. W. 470.)

(File No. 5812.   Opinion filed February 24, 1926.)

1.  **Criminal Law—Intoxicating Liquors—Overruling Objections to Questions to State Witness Held Not Prejudical.**

In a prosecution for selling intoxicating liquor, based upon information furnished by witness who was arrested while in possession of two pints of alcohol, and whose statements, on being quizzed at the police station showed that he purchased a gallon of alcohol from defendant and then divided it into pint bottles for distribution to friends who helped him pay for it, overruling objections to questions to witness why he put the alcohol in eight bottles, and whether he mentioned accused as the seller of the alcohol at the suggestion of the police officer or without such suggestion, held not prejudical.

2.  **Criminal Law—Instructions—Refusal to Give Requested Instruction Covered by Instruction Given Held Not Ground for Reversal.**

Refusal to give requested instruction covered by instruction given held not ground for reversal.

3.  **Intoxicating Liquors—Evidence—Trial—Sufficiency of Corroboration of State Witness Held for Jury.**

In a prosecution for sale of intoxicating liquor, whether state's witness was sufficiently corroborated held for jury.

4.  **Intoxicating Liquors—Information—Information Held Not to Require Proof of Feasibilty of Using as Beverage Alcohol Which Accused Was Charged with Having Sold (Rev. Code 1919, Sec. 10237).**

In a prosecution for selling alcohol, the fact that the information charged that such alcohol was capable of being used as a beverage held not to require proof that it could be so used, since, under the definitions found in Rev. Code 1919, Sec. 10237, the phrase "capable of being used as a beverage" related to preceding words, "mixture or compound," and not to "alcohol."

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

·Gust Hochgraber was convicted of selling intoxicating liquor, and he appeals. Judgment and order affirmed.

*Thomas L. Arnold* and *E. B. Harkin,* both of Aberdeen, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for the State.

(2) To point two of the opinion, Respondent cited: State v. Devers, 32 S. D. 473; State v. Ballew, 26 S. D. 494.

(4) To point four, Appellant cited: Commonwealth v. Manderville (Mass.), 8 N. E. 327.

GATES, P. J. Defendant was convicted of selling intoxicating liquor. He appeals from the judgment and order denying new trial.

The evidence on behalf of the prosecution tends to show that one Olson was arrested by the police at Aberdeen while in the act of transferring two pints of alcohol from his pockets to the hood of an automobile. Upon being quizzed by the police he told them that he got the alcohol from defendant. As a witness in this case Olson testified that on the afternoon of April 17, 1924, he met defendant in the latter's auto shop in Aberdeen and asked him if he could get a gallon of alcohol. He was told to return later. At 7 o'clock he returned, and was told to meet defendant on the road south of Melgaard Park about 7:30. Shortly after 7:30 defendant arrived at the appointed place, took the gallon can of alcohol out of the front seat of his car and handed it to Olson, who was waiting in an auto, and Olson paid him $16 therefor. Olson returned to his room and divided it into pint bottles, which he distributed to friends who had helped pay for it. Defendant testified that he was not out of his shop from 6:30 till after 10 p. m., did not see Olson during that time of that day, and did not sell him any

alcohol or intoxicating liquor. Witness Wood testified he was in the shop from 6:30 till 10 minutes after 9, that Olson did not come there, and that defendant did not leave the shop during that period.

[1] Defendant complains of the overruling of objections to the following questions asked Olson:

"Why did you put it in eight bottles?"

"What do you mean by that?"

"Harkin has asked you about a conversation at the time you were at the police station when you told him about Mr. Hochgraber. Was Mr. Hochgraber mentioned by you in connection with this at the suggestion of the officer or your own suggestion?

We find nothing prejudicial to defendant in the rulings.

[2] Defendant complains of an instruction given, and a requested instruction refused, relating to the interest of Olson in the matter, but the court by its general instructions covered the points sought to be raised.

[3, 4] Defendant complains that the evidence is insufficient to sustain the verdict, in that Olson was not corroborated. That phase of the case rested with the jury. It was a question of the credibility of Olson on the one hand and defendant and Wood on the other. It is further urged that the evidence is insufficient to sustain the verdict, because the information, in addition to the allegation as to the sale of the acohol, charged that "said alcohol was then and there capable of being used as a beverage." These words were surplusage. According to the definitions found in section 10237, Rev. Code 1919, the words "capable of being used as a beverage" relate to the preceding words "mixture or compound," and do not relate to the antecedent word "alcohol."

The judgment and order appealed from are affirmed.

Note.—Reported in 207 N. W. 470. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1170(1), 17 C. J. Sec. 3654; (2) Criminal law, Key-No. 829(1), 16 C. J. Sec. 2506; (3) Intoxicating liquors, Key-No. 238(1), 33 C. J. Sec. 541; (4) Intoxicating liquors, Key-No. 223(3), 33 C. J. Sec. 463.